**IN THE UNITED STATES DISTRICT COURT**
United States District Court for the District of Columbia

| | |
|---|---|
| **MICHAEL HENRY,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>**vs.** )<br>) | Case: 1:24–cv–01276 JURY DEMAND<br>Assigned To : Friedrich, Dabney L.<br>Assign. Date : 4/30/2024<br>Description: Pro Se Gen. Civ. (F–DECK) |

**vs.**                    )**Civil Action No**
                           ) **Jury Trail Demand**

**John Roberts Chief Judge the United States** )
**Supreme Court in his administrative Position** )
**as head of The Rules Committee in Charge** )
**of Writing the Federal Rules of Civil Procedure**)

**Mary Jane Theis Chief Judge Illinois Supreme**)
**Court in her administrative Position as head of**)
**The Rules Committee in Charge of Writing the**)
**Illinois Rules of Civil Procedure** )
                                      )
**Diane Sykes, Chief Judge 7th Circuit** )
**Kwame Raoul** )
**David Tichy** )
**Colleen R. Lawless, District Court Judge** )
**Frank Henry Bieszczat** )
**Judge Thomas W. Murphy** )
**Judge Mary Kathleen McHugh** )
                           **Defendants.** )

## Complaint

### <u>NATURE OF THE CASE AND OVERVIEW</u>

1. The Village of Orland Park Illinois was incorporated May 31, 1892.
   The council-manager form of government, which was adopted on
   November 5, 1983, this form of Government is available to all
   municipalities under 500,000 in population. It also allows the
   municipality to retain its governmental structure as an aldermanic-
   city form, Trustee-Village form, or commission form while
   adopting the features of the manager form.

**RECEIVED**

APR 30 2024

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2.     The Village of Orland Park though its Home Rule and Government Regulations has established the Hiring Procedures of all Law Firms

3.   The Village Code 1-16-9 Specifically Details what is required to Hire a Law Firm to represent the Village of Orland Park

§ 1-16-9Legal Services.
[Ord. 5499, 3-21-2020; amended by Ord. 5505, 5-4-2020]
The following procedures and requirements shall apply to any contracts for legal services.

A. Only the Village Manager, or his/her designee, is authorized to secure legal services. Any department head that desires such legal services shall submit a request to the Procurement Officer for those legal services.

B. The Procurement Officer will make a recommendation to the Village Manager, who may determine to enter into an agreement for legal services so long as funding is available in the current fiscal year budget.

4.   The Village of Orland Park has admitted as Fact under the Freedom of Information act that it has never Hired the Law Firm of Klein Thorpe and Jenkins.

5.   Dennis Walsh the Managing Partner of Klein Thorpe and Jenkins also advertises that he is the Village Attorney of Orland Park. Exhibit 1

6.   Defendant Howard Jablecki is an Attorney who has been filing lawsuits and legal Documents in State and Federal Court claiming to represent the Village of Orland Park. Exhibit II

7.   Defendant Howard Jablecki and the Lawfirm of Klein Thorpe and Jenkins filed a suit in Cook County Court invoking Federal TCPA claims under 47 U.S.C. 227.  The Cook County Judical System accepted the Lawsuit as filed and assigned it case number 2020 50 00698.

8.  Plaintiff Michael Henry in this case was listed as the Defendant in
    2020 50 00698.

9.  As a Defendant Michael Henry, in December of 2020 filed a proper
    Motion to dismiss the Lawsuit as Howard Jablecki had improperly
    plead the lawsuit.

10. In Open Court Michael Henry also informed Judge Murphy that
    Howard Jablecki was not hired by and did not have the Authority
    to represent the Village of Orland Park.

11. Jablecki lied in Open Court and told Judge Murphy he had the
    Authority and was hired by The Village Board of Orland Park to
    file the lawsuit.

12.  Michael Henry then motioned for the Judge to demand Proof that
    Howard Jablecki and the Village of Orland Park had been in fact
    Hired and authorized the case to be filed.

13. In Open Court Judge Murphy ruled and said it was not necessary for
    Howard Jablecki and the Firm Klein Thorpe and Jenkins were in
    fact Hired by and Authorized to File Suit.

14. Howard Jablecki is well aware that the Village of Orland Park, has
    never hired the Lawfirm of Klein Thorpe and Jenkins to represent
    the Firm in accordance with the Village Code.

15. The Judge Defendants Thomas Murphy and Mary Katherine McHugh
    Were aware at all times that Jablecki did not have authority to act
    on behalf of the Village of Orland Park.

16. The Defendant the Chief Justice of Supreme Court of the United
    States, John Roberts is the head of the Rules committee of the
    United States Court System and has an administrative duty to
    ensure Rules and Regulations of the Court are Implemented and
    written to Insure Due Process.

The Federal Rules of Civil Procedure has failed to properly address and Issue Rulings on the Correct Procedure to Follow when a Lawyer who has not been Hired by a Government Entity Files a lawsuit on behalf of a Municipal Government when they have never been hired by the Government Entity.

The Village Code is Specific and La Margo, and Koczwara had no Authority to hire the Law Firm of Klein Thorpe and Jenkins and this was done because Pekau and the Village Board were bribed with Campaign Donations.

The Village Code Details that the Board has no Authority to hire Attorneys

17. The Defendant Illinois Supreme Court Chief Justice Mary Ellen Theis is the head of the Rules committee of the State of Illinois Court System and has an administrative duty to ensure Rules and Regulations of the Court are Implemented and written to Insure Due Process.

The Illinois Rules of Civil Procedure and Illinois Rules of Professional Conduct haves failed to properly address and Issue Rulings on the Correct Procedure to Follow when a Lawyer who has not been Hired by a Government Entity Files a lawsuit on behalf of a Municipal Government when they have never been hired by the Government Entity.

The Village Code is Specific and La Margo, and Koczwara had no Authority to hire the Law Firm of Klein Thorpe and Jenkins and this was done because Pekau and the Village Board were bribed with Campaign Donations.

The Village Code Details that the Board has no Authority to hire Attorneys

18. At All times Defendant's Kwame Raoul, David Tichey and Frank Henry Bieszczat are Attorneys Employed by the State of Illinois and had knowledge that the Law Firm of Klein Thorpe and

Jenkins and Howard Jablecki have filed lawsuits in Multiple State and Federal Courts Claimiong to represent the Village of Orland Park Illinois.

19.    At All times Defendant's Kwame Raoul, David Tichey and Frank Henry Bieszczat were aware that these Lawsuits were filed in Courts without Authority, and the Village of Orland Park never hired them to file lawsuits.

20.  Plaintiff Henry filed suit in Federal Court based on an Illegal Lawsuit Against Judge McHugh, Judge Murphy and Judge Theis in Federal Court.

21. In November of 2022  Plaintiff Michael Henry Filed Suit in Federal Court in the Central District of Illinois suing the State Court Judges under 42 U.S.C. 1983 for adjudicating and processing the Illegally Filed State Court Lawsuit.

22. The Case was Docketed as 3:22-**cv-03239-CRL-KLM** Henry v. Coughlan et al Colleen R. Lawless, presiding Karen L. McNaught, referral **Date filed:** 11/16/2022

23. In  District Court Judge Coleen R. Lawless was made aware of the underlying Lawsuit being Filed Illegally and Howard Jablecki and the Lawfirm of Klein Thorpe and Jenkins were never hired by the Village of Orland Park to File Village of Orland Park V Henry Et al. 2020 50 00698   Cook County Court  and the District Court Judge chose to ignore the law and even Explain how the State of Illinois Court System had any Authority to adjudicate a lawsuit thath was not filed with the Approval of the Plaintiff  the Village of Orland Park.

24. Judge Lawless dismissed the case Based on The State of Illinois through its Attorneys, Kwame Raoul, David Tichey and Frank Henry Bieszczat and Motion to Dismiss this Suit Claiming it was protected under the Younger abstention Doctrine.

25. The State of Illinois Attorneys knew that the Lawsuit in Question was fraudulently filed and never informed the Court that Judge

McHugh, Murphy and Theis has no Legal Standing to review the Suit as the Village of Orland Park Never Hired a Law firm to file the Lawsuit.

26.  Judge Lawless ignored the fact that the Cook County Courts had no Subject Matter Jurisdiction on the Cook County Case – Entered a 15 page Ruling never even mentioning the fact or addressing that Fact that the Cook County and Illinois Judges had no Authority to enter any Rulings as the Lacked Jurisdiction to hear the Case.

27.  The District Court and The State Court Judges can produce no State Laws, Federal Laws or Court Rulings in any Court in the United States that establish a Law firm can file a Lawsuit on Behalf of a Government entity without being hired by that entity.

28.  Under what State or Federal law did Judge Lawless establish her Jurisdiction when she was aware that Howard Jablecki, Attorney filed suit claiming to represent a party WHEN HE WAS HAS NOT BEEN HIRED UNDER ILLINOIS LAW OR FEDERAL LAW.

29.  The Village Code of Orland Park is Specific and La Margo, and Koczwara had no Authority to hire the Law Firm of Klein Thorpe and Jenkins and this was done because Pekau and the Village Board were bribed with Campaign Donations.

30.  The Village Code of Orland Park Details that the Board has no Authority to hire Attorneys.

31.   After Judge Lawless dismissed the Case an Appeal was filed and the 7th Circuit Court of Appeals had Briefing and it again Chose to Ignore that Judge Lawless Lacked Jurisdiction to rule under the Younger abstention Doctrine as the State of Illinois had no Jurisdiction to hear a case in its Courts that Started the Litigation

32.  This Case is brought against all Defendants for them acting as Judges and Attorneys and Officers of the Judicial Branches in administrative duties in the Federal and State Courts

The defendants were aware or should have been aware that
Howard Jablecki Lied to the Court and was not hired by the
Village of Orland Park to File Suit and all Judges
entering Rulings when they all had Knowledge that the Cook
County Court case was not Authorized by the Village of Orland
Park but filed based on Bribery of the Village of Orland Parks
Mayor Keith Pekau.

Exhibit III

 **Subject:** Non-Commercial Open Records Request :: N015581-092923
**Body:**
RE: PUBLIC RECORDS REQUEST of September 29, 2023, Reference # N015581-
092923

Dear Michael,

Thank you for submitting your public information request to the Village of Orland Park
on September 29, 2023. Your request mentioned:


*You failed to supply these documents from a previous Foia Request*

*Pursuant to Chapter 1-16 of the Orland Park Village code please provide all emails
and documentation supplied by all legal teams prior to preparing the budgets and all
estimates of the cost of any lawsuit prior to starting litigation, Or answering litigation .
Include the cost estimates and all financial analysis performed by the Village Manager,
Procurement officer and Finance director before giving the authorization to file
case 2020 M5 00698 the Village Vs Michale Henry et al.*
*No. 20-cv-03528 " Vill. of Orland Park v. Pritzker, 475 F. Supp. 3d 866, (N.D. Ill.
2020) 20 L 004136 Joeseph LaMargo Vs Orland Park et al.*

*Include all meeting minutes detailing the modification of the budgets and the notices
required by law Prior to the start of the suit.*

*Chapter 1-16 Procurement*

*The following procedures and requirements shall apply to any contracts for legal
services.*
*A. Only the Village Manager, or his/her designee, is authorized to secure legal services.
Any department head that desires such legal services shall submit a request to the
Procurement Officer for those legal services.*

*B. The Procurement Officer will make a recommendation to the Village Manager,*

*who may determine to enter into an agreement for legal services so long as funding is available in the current fiscal year budget.*

**_We have reviewed our files and have determined that no records from the Village of Orland Park correspond to your request at this time._**

**_If you have any questions or wish to offer further clarification on your request, please contact my office at 708-403-6150._**

**_Sincerely,_**
**_Alexandra Snodsmith_**

33.  In a second Case the law firm of Klein Thorpe and Jenkins filed a Counterclaim against former Village Manager Joeseph LaMargo claiming he did not have the Legal Authority to hire the Firm Of Jones Day.

34.  In Cook County Illinois Joe LaMargo vs the Village of Orland Park
20 L 004136 defendant Judge John J. Curry presided and the Firm of Klein Thorpe and Jenkins again bribed Mayor Pekau and represented to the Court that they were hired to represent the Village of Orland Park

35.  In the LaMargo Case 20 L 004136  the Law Firm of Klein Thorpe and Jenkins Presented a motion and suit for Counter Claim against LaMargo when he was Village Manager did not have the Authority To hire Jones Day .

36.  In This case while acting as the Village Manager of Orland Park LaMargo performed the necessary financial analysis under The Village of Orland Park Municipal Code 1.16-9 and LaMargo Also negotiated an Attorney Retention agreement and hired the Law firm in accordance with the Law.

37.  Without being Hired but billing the Village of Orland Park based on bribes paid to Keith Pekau the Firm of Klein Thorpe and

Jenkins has billed and been Paid in excess of 400 thousand dollars of tax payer money without fee agreements or being Hired By the Village Manager.

38. Klein Thorpe and Jenkins filed a counter suit and Judge John J. Curry
Was presented with the Fact that LaMargo did not have the Authority to enter into a Contract to hire or Pay for Legal services in excess of 20 thousand dollars.

39. The Cook County Courts in LaMargo recognized the Village operated under the "managerial" form of government authorized by 65 ILCS 5/1 et seq

40. Therefore, even though the Village Manager's power and authority was broad, the legislative authority in the Village resides with the Village Trustees, not with the Village Manager.   Only the Trustees can enact ordinances.

41. The mayor presides over all sessions of the Board of Trustees. The mayor, of course, is an elected official of the Village and is its paramount authority, superior to that of the Village Manager.

42. Starting on Page 15 of exhibit IV which is a ruling of law and dismissal where Judge John Curry issued this Ruling fully acknowledging how the Village Manager of Orland Park must Hire an attorney and the lawful steps.

    With full knowledge that LaMargo was not entitled under law to hire Jones Day - Curry Ignored, Fabricated and covered up that LaMargo in Fact while acting as the Village Manager of Orland Park caused to be paid in excess of 1 million dollars for service that the Village of Orland Park never lawfully hired them to perform.

43. Judge Curry had facts and Documents that LaMargo worked for the Village while Keith Pekau was Mayor.

44.  The question becomes is Judge Curry incompetent?  Corrupt? Or was he Bribed.

45.  Curry had knowledge that and Ruled that LaMargo had a history of hiring law firms without Authority and documentation.

46.  Curry had full knowledge of Illegal activities and failed to insure that he had jurisdiction to make any rulings. Curry had a duty under the law to establish that the Firm of Klein Thorpe and Jenkins was properly hired before he issued a ruling.

47.  Curry had Knowledge that the Village of Orland Park did not hire its law firms in accordance with the law and Curry never sought clarification and Documentation that hiring of Klein Thorpe and Jenkins was properly hired to represent the Village in This Litigation.

48.  Curry had knowledge from filings that LaMargo illegally hired Jones Day yet never looked at Klein Thorpe and Jenkins.

49.  Exactly how incompetent or corrupt is a Judge who fails to establish his Jurisdiction on a Case when he was aware of the Illegal activity
     of a Village Manager

50.      In Curry's Ruling on Page 15  in - III.       Statements of Fact


     Regardless of the application of the various immunities discussed above, to the extent that La Margo has shown that either Healy or La Margo stated to any third person that La Margo had violated an ordinance and exceeded his authority to authorize the Village to make payments in excess of $20,000.00 by allowing Jones Day to perform legal services in connection with the bidding process investigation, those statements are not actionable because the statements were true.  There is no genuine issue of material fact that La Margo was not authorized to engage a law firm, Jones Day, to perform work in excess of $20,000.00 in charges.   There is also

no genuine issue of material fact that Jones Day charged more than that amount for its services

51.     The facts are also undisputed in this case that Klein Thorpe and Jenkins was never hired by the Village of Orland Park.  Defendant Klein Thorpe and Jenkins and Attorney Howard Jablecki filed a suit in State Court Invoking Federal law under the Telecommunications act 47 USC  227.

52.     There is no State Law or Federal Law that allows a law firm to walk in and claim they are representing a Party when they have not been hired.   As we are dealing with an Illinois Municipal Corporation under State and Federal Law a Firm must be hired and approved to file suit.

53.     The Village of Orland Park and its Public Records specifically admit that they never hired the law firm to file the underlying suit.

54.     The State of Illinois claims the Judges have immunity under the Younger Doctrine but cannot establish how the Illinois Courts even have Jurisdiction on a case.

55.     All defendants in this case except Howard Jablecki and the Firm of Klein Thorpe and Jenkins are officer of the Court and Employed by the State and Federal Governments.

56.     All Government defendants have a duty under the United States law and Illinois Law to adjudicate the law after they clearly establish their Jurisdiction under the Law to hear the cases.

57.     At the instruction of Keith Pekau, George Koczwara and Cindy Katsenes the Village has illegally paid in excess 3.9 million dollars in Legal fees to the Firm of Klein Thorpe and Jenkins while receiving political donations as kickbacks for Violating the law.

58.   In Cook County Court 20 L – 004136 – The Village of Orland Park Sued former Village Manager Joe La Margo for breach of his fiduciary duties and illegally hiring the Firm of Jones Day.

The Cook County Court issued a summary Judgement in This Case as follows

*Regardless of the application of the various immunities discussed above, to the extent that La Margo has shown that either Healy or La Margo stated to any third person that La Margo had violated an ordinance and exceeded his authority to authorize the Village to make payments in excess of $20,000.00 by allowing Jones Day to perform legal services in connection with the bidding process investigation, those statements are not actionable because the statements were true. There is no genuine issue of material fact that La Margo was not authorized to engage a law firm, Jones Day, to perform work in excess of $20,000.00 in charges.*

59.   La Margo was hired as the Village Manager of Orland Park in April of 2017.

60.   The Firm of Klein Thorpe and Jenkins sent bills for Legal Services when La Margo was Village Manager and the Firm was aware that LaMargo did not have the Authority to hire them.

61.   The Firm of Klein Thorpe and Jenkins sent bills for Legal Services ignored the law and their fiduciary duties while it while its Managing Partner Dennis Walsh was acting as the Village Attorney and Chief Legal Counsel

62.   The Firm of Klein Thorpe and Jenkins and Howard Jablecki perpetrated a fraud on multiple courts, Paid Bribes to Public Officials and further had the audacity to tell the Court that

LaMargo Illegally Hired Jones Day while Keeping a secret that it has never entered into a Retainer agreement with any representative of the Village of Orland Park.

63.  After La Margo quit his post, the Village had Several interim Village Managers George Koczwara was hired by the Village and he continued to pay the Firm of Klein Thorpe and Jenkins based on the Instructions of Keith Pekau whose campaign funds received 21500 dollars of "campaign Payments to Violate the Village Code.

64.  Village Manager George Koczwara was told by Village Attorney Dennis Walsh that Klein Thorpe an Jenkins was the Village LawFirm.

65.  The Village Code is Specific and La Margo, and Koczwara had no Authority to hire the Law Firm of Klein Thorpe and Jenkins and this was done because Pekau and the Village Board were bribed with Campaign Donations.

66.  The Village Code Details that the Board has no Authority to hire Attorneys.

     The Village Manager has to procure an agreement and then   bring the Agreement to the Board - see the Village Board.

67.  The Village Manager is required by Code to receive a written agreement of Legal Services.

68.  By separate Village Code the Village Manager Must get Board Approval of any contracts over 20 thousand Dollars.

69.   The Village of Orland Park has answered FOIA'S where the
       Village of Orland Park admits it has never had a fee or engagement
       agreement with Klein Thorpe and Jenkins for the last 5 years

70.   The Village of Orland Park paid Klein Thorpe and Jenkins since
       the Day La Margo was appointed Village Manager the Following

2017   579,772.75      2018   598,714.04        2019   732,541.18

2020 16,668.09      2021    776,803.80

71.   The Village's Main Attorney Dennis Walsh and Managing Partner of
       Klein Thorpe and Jenkins was aware of his firms' illegal activities and
       caused the Village to Bribe Pekau, Katsenes and the People over
       Politics Party with Cash and for Pekau Consulting agreements.

72.   According to the Federal Election Commission Pekau for Congress
       received 6 Donations from Dennis Walsh continuing the bribes.

73.   According to the State Board of Elections Pekau Received $21,500.00
       From Klein Thorpe and Jenkins. Further Pekau with the Help of
       Dennis Walsh did collect 125 thousand dollars from Horton group, the
       Villages insurance Provider. Walsh helped Pekau Launder this
       payment Through Pekaus Fahrenheit Consulting Company

74.   According to the State Board of Elections Pekau then Transferred 10
       thousand dollars of these Illegal Campaign Contributions to his
       Political party People over Politics.

75.   According to the State Board of Elections Cindy Katsenes received 4 thousand Dollars from Klein Thorpe and Jenkins.

**76.**   The Court record is specific.  Klein Thorpe and Jenkins and the Village of Orland Park were aware that no legal agreement was authorized by the Board.

77.   What is clear is the entire underlying lawsuit 2020 M5 000698 was illegally filed and Violated the Village of Orland Parks Code.

78.   A Freedom of Information request showed the Village of Orland Park did not hire the Law firm in the underlying litigation to file the suit on behalf of the Village or represent the Village of Orland Park in Any Litigation.

79.   The Defendants Kwame Raoul, David Tichey and Frank Henry Bieszczat are Attorneys Employed by the State of Illinois. And they were aware that The State Court Judge Defendants Murphy and McHugh new that Klein Thorpe and Jenkins were not in fact hired by the Village of Orland Park

80.   The Defendants Kwame Raoul, David Tichey and Frank Henry Bieszczat with held from District Court Judge their knowledge that Henrys Allegations were true and Judge Murphy and Judge McHugh had Full Knowledge that the Village of Orland Park Never Hired the Firm of Klein Thorpe and Jenkins and lied to the Courts and filed a motion for dismissal under the Younger Abstention Doctrine

81.   Defendants Kwame Raoul, David Tichey and Frank Henry
      Bieszczat that the Younger Doctrine cannot be used in this case as
      under no State or Federal law can a Court Maintain any litigation
      brought on behalf of a *of a partnership, corporation, or other
      organization in court. The corporation must hire a lawyer as a
      matter of law and the Village of Orland Park never hired a lawyer.*

82.   The Illinois Attorney general was made aware of the underlying
      lawsuit not being filed in State Court by an Attorney working for
      the Village and failed to correct the record and address the issue
      that the Illinois Judge defendants have no immunity as they were
      not operating under their Jurisdiction. The State of Illinois cannot
      establish that the Judges had Jurisdiction over all parties in the
      underlying litigation. This failure of Jurisdiction makes all filings
      in the Cook County Court Case Illegal. Illinois law and or Federal
      Law does not allow a nonlawyer to represent the interests of a
      partnership, corporation, or other organization in court, even when
      the nonlawyer is a partner or shareholder of the business

83.   This suit is Brought under 42. USC 1983, and The Violation of the
      Due Process Clause of the United States Constitution and the
      ongoing Violation of the Supremacy clause of the United States
      Constitution.

84.   Supreme court Defendant John Roberts has been named as the
      head of Rules Committee of the Us Courts and has a duty to
      supervise and write Rules and has failed to Create a Federal Rule
      of Civil Procedure that deals with Corporations not being
      represented by Law Firms and the lack of Jurisdiction of the
      Courts in this instance.

85.   Under common law—the Supreme Court has not elevated judicial
      immunity from suit to a constitutional principle—judges "are
      responsible to the people alone for the manner in which they
      perform their duties. If faithless, if corrupt, if dishonest, if partial,

if oppressive or arbitrary, they may be called to account by impeachment, and removed from office.

86. But responsible they are not to private parties in civil actions for the judicial acts, however injurious may be those acts, and however much they may deserve condemnation, unless perhaps where the acts are palpably in excess of the jurisdiction of the judges, and are done maliciously or corruptly."

87. The Supreme Court qualified this exception to judges' immunity: the phrase beginning "unless, perhaps," the Court wrote, was "not necessary to a correct statement of the law, and . . . judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

**88.** **A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter," with judges subject to liability only in the latter instance.**

In Stump v. Sparkman, the Court upheld the immunity of a judge who approved a petition from the mother of a 15-year-old girl to have the girl sterilized without her knowledge (she was told that she was to have her appendix removed).

In a 5-to-3 opinion, the Court found that there was not the "clear absence of all jurisdiction" that is required to hold a judge civilly liable.

The judge had jurisdiction "in all cases at law and in equity whatsoever," except where exclusive jurisdiction is "conferred by law upon some other court, board, or officer," and no statute or case law prohibited the judge from considering a petition for sterilization.

89.   In this case all Judges who viewed this case and entered rulings made all of these rulings in Violation of the Law and Clear absence of all Jurisdiction.

90.   Judge McHugh, Judge Murphy and Federal District Court Judge Colleen R. Lawless had knowledge that Howard Jablecki was not hired and had no Authority to represent the Village of Orland.

91.   Judge McHugh, Judge Murphy and Federal District Court Judge Colleen R. Lawless had full Knowledge that The Village of Orland Park Vs Michael Henry Et al Cook County Case 2020 50 00698 was not filed in accordance with the Law and Attorney Howard Jablecki did not have any Legal Authority to file litigation or represent to any Court that he was Authorized by the Village of Orland Park to represent them.

92.   Defendant John Roberts is Administratively Responsible to create and Cause Changes to ensure that the Federal Rules of Practice and Procedure govern the conduct of trials, appeals, and cases under Title 11 of the United States Code.

93.   By Law Defendant John Roberts is the head of the system of federal rules began with the Rules Enabling Act of 1934 (28 U.S.C. § 2071-2077). The Act authorized the Supreme Court to promulgate rules of procedure, which have the force and effect of law.

94.   The Congress has authorized the federal judiciary to prescribe the rules of practice, procedure, and evidence for the federal courts, subject to the ultimate legislative right of the Congress to reject, modify, or defer any of the rules. The authority and procedures for promulgating rules are set forth in the Rules Enabling Act. 28 U.S.C. §§ 2071-2077.

95.   The Judicial Conference of the United States is also required by statute to "carry on a continuous study of the operation and effect of the general rules of practice and procedure." 28 U.S.C. § 331. As part of this continuing obligation, the Conference is authorized to recommend amendments and additions to the rules to promote:

96.     The Illinois Courts attempted to establish Jurisdiction, and the
        Illinois Courts Failed to follow its own rules of Civil Procedure
        and Establish that it had Jurisdiction to adjudicate the Cook County
        Cases.  The Illinois Courts can point to no law or Judicial Ruling
        that allows a Lawyer to file a Lawsuit on behalf of a Client when it
        was never hired by the Client to represent the Party.

        The Record is Clear the Village of Orland Park an Illinois
        Municipal Corporation never entered into retainer agreement for
        services.  Never authorized a Fee Payment Schedule or a Village
        Manager was authorized to hire the Firm of Klein Thorpe and
        Jenkins

97.     Defendant Mary Jane Theis is Administratively Responsible to
        create and Cause Changes to ensure that the Illinois  Rules of
        Practice and Procedure govern the conduct of trials, appeals, and
        cases under Illinois Law.

98.     By Law Mary Jane Theis is the head of the system of Illinois
        Rules. This is authorized under Illinois Laws to promulgate rules
        of procedure, which have the force and effect of law.

99.     When a judge knows that he lacks jurisdiction, or acts in the face
        of clearly valid statutes expressly depriving him of jurisdiction,
        judicial immunity is lost. Rankin v. Howard, (1980) 633 F.2d 844,
        cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed
        2d 326.

100.        A judge must be acting within his jurisdiction as to
        subject matter and person, to be entitled to immunity from civil
        action for his acts. Davis v. Burris, 51 Ariz. 220, 75 P.2d 689
        (1938)

101.    Further review of the record In Case 2020 M5 00698 Cook
        County Courts show that rulings by a Judge who had an Associate
        Solicit a Bribe are Contrary to the law and as a matter of law

Jurisdiction has been voided by the State Court Ruling over Federal Laws.

*Under federal Law, which is applicable to all states, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers."*

*Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)*

102.  The Supreme Court has addressed Jurisdictional issues and misconduct based on violation of Jurisdictional issues on multiple occasions.

  *"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction."*

  *Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)*

103.  Judge Murphy, Judge McHugh and Judge Lawless made rulings absent of jurisdiction that allowed the Village of Orland Park to deprive the plaintiff of his rights under Articles and Amendments 4,5,7,9 and 14 of the United States Constitution.

  *A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts.*

  *Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938)*

104.   The Court continued ignoring its Jurisdiction issues and then made orders and modified its rulings absent of Jurisdiction

*"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgment in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."*

*Downs v. Bidwell, 182 U.S. 244 (1901)*

105. After this occurred someone claiming to represent Murphy contacted defendant Henry and asked for a cash contribution to the Democratic Party of Cook County and indicated this contribution would help to resolve the issues Murphy failed to address on the improper filing of a Federal Claim in Cook County Court.

106. Murphy recused himself after the solicitation of Bribes was made public.

107. Plaintiff then filed an appeal in accordance with the law 23-2408.

108. Plaintiff raised the issues on appeal 7th Circuit Court of Appeals 23-2408 and with the Chief Judge Diane Sykes Defendant and the newly discovered evidence that proved absolutely that the Village of Orland Park Did not hire the law firm of Klein Thorpe and Jenkins and established that Attorney Howard Jablecki Lied to multiple Courts Claiming that he was hired and his law firm was hired

109. Plaintiff Michael Henry did notify the 7th Circuit court of appeals 23-2408 and Chief Judge Diane Sykes Defendant that a Court of competent jurisdiction entered a definitive ruling that Joe LaMargo did not have the Authority to hire any law firm That could cost over 20 thousand Dollars a Month.

110. Henry did tell the 7th Circuit 23-2408 and Chief Judge Diane Sykes Defendant that based on the ruling by the Cook County Court the 7th Circuit lacked Jurisdiction to review the File and the Younger Abstention Doctrine was properly or lawfully applied as the State of Illinois Judges Lacked Jurisdiction to issue any rulings.

111.   The Seventh Circuit and the  Chief Judge Diane Sykes Defendant
       was inflamed and abusive and attacked Plaintiff in a Court order
       and refused to rule on or establish that the 7th Circuit Court did in
       fact have any Jurisdiction 23-2408.


112.   There is no Material issue of fact as the Judges of the Seventh
       Circuit were given a ruling and factual evidence that the Law Firm
       of Klein Thorpe and Jenkins was never hired by the Village of
       Orland Park Chief Judge Diane Sykes failed to assign the case and
       multiple Blind unsigned Orders were issued by the Court without
       Signature23-2408 .

113.   The 7th Circuit issued orders by the Court at the Direction of Chief
       Judge Diame Sykes and refused to sign the Orders and the  Panel
       was aware it lacked Subject Matter Jurisdiction to do anything but
       remand the case to develop the record.

114.   The 7th Circuit issued orders by the Court at the Direction of Chief
       Judge Diame Sykes and chose to ignore the facts and entered
       Multiple Illegal Orders when the Court Lacked Jurisdiction to hear
       the Case.


115.   The 7th Circuit issued orders by the Court at the Direction of Chief
       Judge Diame Sykes and issued an Order and threatened the
       Plaintiff with fines and entered Multiple Orders when it knew it
       did not have Jurisdiction based on the Cook County Courts rulings.

116.   The 7th Circuit issued orders by the Court at the Direction of Chief
       Judge Diame Sykes and the panel was notified by response briefs
       of all the Issues See Exhibit V.  Plaintiff requested a reveres and
       remand to the District Court to establish on the Record who knew
       that the Village Of Orland Park Never Hired the law Firm of Klein
       Thorpe and Jenkins and why when Henry Raised the Issue in the
       Cook County Court Judge Murphy refused to even verify that the
       Law Firm Was not retained.

117.    The Failure of Defendant Roberts and Theis and the lack of court rules dealing with lawyers who file litigation when they are not hired by the client is the cause of this violation of Due Process. Further Attorney Howard Jablecki and the firm of Klein Thorpe and Jenkins have sent in excess of 100 bills by US mail Charging over 300 thousand Dollars on Case 2020 M5 000698 and 400 thousand Dollars 2020 L 4136. This is State and Federal taxpayer dollars being illegally diverted based on public Corruption.

118.    Plaintiff filed a Complaint with the Illinois Bar Association and they said that they could do nothing and I court would have to address the situation before they could investigate Jablecki.

## JURISDICTION

119.    Jurisdiction over this action is based on 28 U.S.C. Part IV, Chapter 85 Sections 1331

## VENUE

120.    Venue in this district is proper under 28 U.S.C. Part IV, Chapter 87 Section 1391, Section 1402 and Section 1442 as Washington DC is the Home of the US Court System and Leader Defendant. Chief Justice John G. Roberts, Jr. Presiding Officer Judicial Conference of the U.S. c/o Supreme Court of the United States 1 First Street, N.E Washington, D.C. 20543

JURY TRIAL DEMAND

119.    Pursuant to the United States Code and the Federal Rules of Civil Procedure Plaintiff Michael Henry Demands a Jury Trial

## Count I

120.   Mr. Henry incorporates by reference paragraphs 1 through 119 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff for the Violation of
all Defendants of the Due Process Clause of the United States Constitution
and adjudicating  litigation that under law the Cook County Court and the
State of Illinoi had no Jurisdiction to adjudicate because the Defendant the
Village of  Orland Park Never Hired Attorney Howard Jablecki to file the
lawsuit and never hired the Firm of Klein Thorpe and Jenkins and award
Plaintiff the Sum of 300 Thousand Dollars for the Litigation Defense Cost in
Cook County  Case the Village of Orland Park case 2020 M5   000698
Against All Defendants for the Filing of and The Courts Making rulings and
Keeping a case on the active Docket when the Courts lacked Jurisdiction and
1 Million Dollars in Punitive Damages against Howard Jablecki

## Count II

121.   Mr. Henry incorporates by reference paragraphs 1 through 120 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff in the Amount of
100 Thousand Dollars Against Defendants Kwame Raoul, David Tichy and
Frank Henry Bieszczat    for Falsifying Court filings withholding evidence
and Covering up their  Knowledge that  the Village of  Orland Park Never
Hired Attorney Howard Jablecki to file the lawsuit and never hired the Firm
of Klein Thorpe and Jenkins  in Cook County  Case the Village of Orland
Park case 2020 M5   000698.  Defendants Kwame Raoul, David Tichy and
Frank Henry Bieszczat   knowingly and willingly  violated Illinois Rule of

Professional Conduct 8.4(c) prohibits attorneys from "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation."

### Count III

122.   Mr. Henry incorporates by reference paragraphs 1 through 121 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff in the Amount of 100 Thousand Dollars Against Defendant Coleen Lawless   for Issuing Rulings  and allowing the State of Illinois Attorneys Kwame Raoul, David Tichy and  Frank Henry Bieszczat   to Falsifying Court filings withholding evidence and Covering up their  Knowledge that  the Village of  Orland Park Never Hired Attorney Howard Jablecki to file the lawsuit and never hired the Firm of Klein Thorpe and Jenkins  in Cook County  Case the Village of Orland Park case 2020 M5   000698.


Lawless was aware or should have been aware that she had to properly establish her Jurisdiction, she refused to hold hearings and Issues rulings without properly Adjudicating and collecting information.   Lawless Systematically Ignored and Violated and deprive the plaintiff of his rights under Articles and Amendments 4,5,7,9 and 14 of the United States Constitution and Due Process.

### Count IV

123.   Mr. Henry incorporates by reference paragraphs 1 through 122 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff in the Amount of 100 thousand Dollars Against Defendant John Roberts   for failing to issue and establish Rulings under the Federal Rules of Civil Procedure on how to

process and deal with litigation where a lawyer and Law firm file lawsuits on behalf of Clients they were not hired to represent. Falsifying Court filings withholding evidence and covering up their knowledge that the Village of Orland Park Never Hired Attorney Howard Jablecki to file the lawsuit and never hired the Firm of Klein Thorpe and Jenkins in Cook County Case the Village of Orland Park case 2020 M5   000698.


Roberts was aware or should have been aware that the Courts Lacked specific Direct and Rules on how to deal with Lawyers who create and File Litigation without the Authorization of a Plaintiff. Roberts and the US Courts Rules Committee failed to develop and implement Court Procedures and caused Defendants Jablecki, Klein Thorpe and Jenkins, Coleen Lawless, Kwame Raoul, David Tichy and Frank Henry Bieszczat  to deprive  Michael Henry of his rights under Articles and Amendments 4,5,7,9 and 14 of the United States Constitution and Due Process.


### Count V


124.   Mr. Henry incorporates by reference paragraphs 1 through 123 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff in the Amount of 100 thousand Dollars Against Defendant Mary Jane Theis for failing to issue and establish Rulings under the Illinois Rules of Civil Procedure on how to process and deal with litigation where a lawyer and Law firm file lawsuits on behalf of Clients they were not hired to represent. Falsifying Court filings withholding evidence and covering up their knowledge that the Village of Orland Park Never Hired Attorney Howard Jablecki to file the lawsuit and never hired the Firm of Klein Thorpe and Jenkins in Cook County Case the Village of Orland Park case 2020 M5   000698.

Mary Jane Theis was aware or should have been aware that the Courts Lacked specific Direct and Rules on how to deal with Lawyers who create and File Litigation without the Authorization of a Plaintiff. The Illinois Courts have no ability to dismiss a case when discovery starts and to Challenge the Jurisdiction of the Court.  Multiple times Plaintiff Henry Filed Motions to dismiss based on the Court lacking Jurisdiction and they were denied because the Illinois Rules of Civil Procedures does not allow these motions after Discovery is Started these Court Procedures caused Defendants Jablecki, Klein Thorpe and Jenkins, Kwame Raoul, David Tichy and Frank Henry Bieszczat   to deprive Michael Henry of his rights under Articles and Amendments 4,5,7,9 and 14 of the United States Constitution and Due Process.   And caused Jablecki to illegally issue Discovery Request and Court Orders to turn over documents without the Court having Jurisdiction and Violated Plaintiff Henrys Rights against Illegal Search and seizures of his personal information.

## Count VI

125.   Mr. Henry incorporates by reference paragraphs 1 through 124 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff in the Amount of 300 thousand Dollars Against Defendant's Thomas Murphy and Mary Kathleen McHugh for adjudicating and issuing rulings when the Court had Full Knowledge that the Village of Orland Park Never Hired Howard Jablecki or the Firm of Klein Thorpe and Jenkins to be their Legal Representation.  The Court had Full Knowledge that the Law Firm of Klein Thorpe and Jenkins was bribing Mayor Keith Pekau with Consulting Agreements and Campaign Donations so he would not bid Legal Services for the Village.   Thomas Murphy and Mary Kathleen McHugh had knowledge that Jablecki was Falsifying Court filings withholding evidence. and covering up their knowledge that the Village of  Orland Park Never Mary Jane Theis was aware or should have been aware that the Courts Lacked specific Direct and Rules on how to deal with Lawyers who create and File Litigation without the Authorization of a Plaintiff. The Illinois

Courts have no ability to dismiss a case when discovery starts and to Challenge the Jurisdiction of the Court.

Multiple times Plaintiff Henry Filed Motions with Thomas Murphy and Mary Kathleen McHugh to dismiss based on the Court lacking Jurisdiction and they were denied because the Illinois Rules of Civil Procedures does not allow these motions after Discovery is Started these Court Procedures caused Defendants Jablecki, Klein Thorpe and Jenkins, Kwame Raoul, David Tichy and Frank Henry Bieszczat   to deprive Michael Henry of his rights under Articles and Amendments 4,5,7,9 and 14 of the United States Constitution and Due Process.   And caused Jablecki to illegally issue Discovery Request and Court Orders to turn over documents without the Court having Jurisdiction and Violated Plaintiff Henrys Rights against Illegal Search and seizures of his personal information.


## Count VII


126.   Mr. Henry incorporates by reference paragraphs 1 through 125 above

as if fully set here.

Wherefore Plaintiff Prays that the court awards Plaintiff in the Amount of 300 thousand Dollars Against Defendant Howard Jablecki and Klein Thorpe and Jenkins   for filing lawsuit and never being hired by the Village of Orland Park.


Jablecki and Klein Thorpe and Jenkins were aware of the hiring requirements under the Village of Orland Park Municipal Code and instead chose to bribe the mayor and kick back fees form Illegal Litigation and Systematically Ignored and Violated and deprived the plaintiff of his rights under Articles and Amendments 4,5,7,9 and 14 of the United States Constitution and Due Process.

Jablecki and Klein Thorpe and Jenkins Illegally billed in excess of 1million dollars and deposited these fraudulent bills in the US Mail Committing Mail Fraud.

Respectfully Submitted

__/Michael Henry/      4-30-2024

Michael F. Henry

13233 Bundoran Court

Orland Park, Illinois 60462

Michaelfhenry@live.com