UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL F. HENRY,

           Plaintiff,

      v.

JOHN ROBERTS, *et al.*,

           Defendants.

Civil Action No. 24-1276 (DLF)

**THE FEDERAL DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF**
**<u>LAW IN SUPPORT THEREOF</u>**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities ............................................................................................................ ii

Background ......................................................................................................................... 1

Legal Standards .................................................................................................................. 3

    I.      Dismissal Pursuant to Rule 12(b)(1) ...................................................................... 3

    II.     Dismissal Pursuant to Rule 12(b)(6) ...................................................................... 4

    III.    Application of the Pleading Rules to Pro Se Plaintiffs ........................................... 5

Argument ............................................................................................................................ 5

    I.      The Court Lacks Jurisdiction Over Plaintiff's Claim For Damages Against The Federal Defendants In Their Official Capacities ................................................... 6

    II.     The U.S. District Court for the District of Columbia Lacks Authority To Review The Decisions Of Other Federal Courts .................................................................. 8

    III.    The Court Lacks Subject Matter Jurisdiction for Any Claim Under  Section 1983 9

    IV.    Absolute Judicial Immunity Bars the Claims Against the Individual Judge Defendants In Their Personal Capacities ................................................................ 9

    V.     Plaintiff Fails To State a *Bivens* Claim ............................................................... 13

Conclusion ........................................................................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Carter,*
  802 F.3d 4 (D.C. Cir. 2015) ........................................................................ 12

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..................................................................................... 4

*Atchison v. U.S. Dist. Cts.,*
  190 F. Supp. 3d 78 (D.D.C. 2016) ............................................................... 8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................... 4

*Bivens v. Six Unknown Named Federal Narcotics Agents,*
  403 U.S. 388 (1971) ................................................................................... 13

*Bradley v. Fisher,*
  80 U.S. (13 Wall.) 335 (1871) ................................................................... 11

*Brown v. District of Columbia,*
  514 F.3d 1279 (D.C. Cir. 2008) .................................................................. 4

*Budik v. Dartmouth–Hitchcock Med. Ctr.,*
  937 F. Supp. 2d 5 (D.D.C.2013) ................................................................. 5

*Caldwell v. Kagan,*
  455 Fed. Appx. 1, 1 (D.C.Cir.2) ............................................................... 10

*Caldwell v. Kagan,*
  865 F. Supp. 2d 35 (D.D.C. 2012) ....................................................... 11, 12

*Clark v. Taylor,*
  627 F.2d 284 (D.C. Cir. 1980) (per curiam) ............................................. 10

*Clayton v. District of Columbia,*
  931 F. Supp. 2d 192 (D.D.C. 2013) ............................................................ 4

*Cohens v. Virginia,*
  19 U.S. (6 Wheat.) 264, 5 L.Ed. 257 (1821) ............................................. 6

*Commodity Futures Trading Comm'n v. Nahas,*
  738 F.2d 487 (D.C. Cir. 1984) ................................................................... 3

*Crisafi v. Holland,*
  655 F.2d 1305 (D.C. Cir. 1981) .................................................................. 5

*Curran v. Holder,*
  626 F. Supp. 2d 30 (D.D.C. 2009) .............................................................. 3

*Dye v. United States*,
    516 F. Supp. 2d 61 (D.D.C. 2007) ........................................................ 9

*Egbert v. Boule*,
    142 S. Ct. 1793 (2022) .............................................................. 13, 14

*Erickson v. Pardus*,
    551 U.S. 89 (2007) (per curiam) ........................................................ 5

*FDIC v. Meyer*,
    510 U.S. 471, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994) ........................ 6

*Fleming v. United States*,
    847 F. Supp. 170 (D.D.C. 1994) ........................................................ 8

*Forrester v. White*,
    484 U.S. 219 (1988) .......................................................... 109-10, 10

*Galvan v. Fed. Prison Indus.*,
    Inc., 199 F.3d 461 (D.C. Cir. 1999) .................................................... 6

*Green v. Stuyvesant*,
    505 F. Supp. 2d 176 (D.D.C. 2007) .................................................... 5

*Haines v. Kerner*,
    404 U.S. 519 (1972) ........................................................................ 5

*Howard v. U.S. Dist. Court ex rel. District of Columbia*,
    468 Fed. Appx. 12, 12 (D.C. Cir.) .................................................. 12, 14

*Jackson v. Donovan*,
    844 F. Supp. 2d 74 (D.D.C. 2012) .................................................... 7

*Kentucky v. Graham*,
    473 U.S. 159 (1985) .................................................................. 6-7, 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ........................................................................ 3

*McNeil v. United States*,
    508 U.S. 106 (1993) ........................................................................ 5

*Miango v. Dem. Rep. Congo*,
    243 F. Supp. 3d 113 (D.D.C. 2017) .................................................... 9

*Mireles v. Waco*,
    502 U.S. 9, 9 (1) .................................................................... 10, 11

*Moore v. Motz*,
    437 F. Supp. 2d 88 (D.D.C. 2006) .................................................. 5, 10

*Ortiz v. Pratter,*
  Civ. A. No. 15–0481, 2015 WL 1546252 (D.D.C. Apr. 3, 2015) ...................................... 8, 10

*Papasan v. Allain,*
  478 U.S. 265 (1986) .................................................................................................... 4

*Rann v. Chao,*
  154 F. Supp. 2d 61 (D.D.C. 2001) ................................................................................ 4

*Regular Active Serv. Acting in Their Official Capacities,*
  952 F.2d 423 (D.C. Cir. 1991) ..................................................................................... 7

*Settles v. U.S. Parole Comm'n,*
  429 F.3d 1098 (D.C. Cir. 2005) .................................................................................... 9

*Smith v. Scalia,*
  44 F. Supp. 3d 28 (D.D.C. 2014) .......................................................................... 7, 8, 10, 11

*Stump v. Sparkman,*
  435 U.S. 349 (1978) ................................................................................................ 10, 11

*Sturdza v. United Arab Emirates,*
  658 F. Supp. 2d 135 (D.D.C. 2009) .............................................................................. 5

*Tri–State Hosp. Supply Corp. v. United States,*
  341 F.3d 571 (D.C. Cir. 2003) ..................................................................................... 7

*Tsitrin v. Lettow,*
  888 F. Supp. 2d 88 (D.D.C. 2012) ............................................................................... 10

*United States v. Choi,*
  818 F. Supp. 2d 79 (D.D.C. 2011) ................................................................................ 8

*United States v. Mitchell,*
  445 U.S. 535 (1980) .................................................................................................... 7

*United States v. Mitchell,*
  463 U.S. 206 (1983) .................................................................................................... 6

*Webman v. Fed. Bureau of Prisons,*
  441 F.3d 1022 (D.C. Cir. 2006) .................................................................................... 6

*West v. Atkins,*
  487 U.S. 42 (1988) ...................................................................................................... 9

*Younger v. Harris,*
  401 U.S. 37 (1971) ................................................................................................ 1, 2, 3

**Statutes**

28 U.S.C. § 1331 ........................................................................................................ 7, 8

28 U.S.C. §1332 ............................................................................................................ 8

42 U.S.C. § 1983 ....................................................................................................... 5, 9

Defendants Chief Justice John Roberts, in his official capacity as Chair of the Judicial Conference of the United States, Diane Sykes, Chief Judge of the U.S. Court of Appeals for the Seventh Circuit, and Colleen Lawless, District Judge of the U.S. District Court for the Central District of Illinois (collectively, "Federal Defendants"), through undersigned counsel, respectfully move to dismiss the claims against them in the complaint filed by *pro se* Plaintiff, Michael Henry (ECF No. 1, "Complaint").[1]

## BACKGROUND[2]

The following allegations appear to be germane to Plaintiff's claims against the Federal Defendants.  Plaintiff was listed as the defendant in a lawsuit brought by the Village of Orland Park, Illinois ("Orland Park").  Compl. ¶¶ 1-8.  Plaintiff disputed whether the attorney representing Orland Park had been properly retained and moved to dismiss the lawsuit on that ground.  *Id.* ¶ 9.  An Illinois judge ruled against Plaintiff.  *Id.* ¶ 13.  Thereafter, Plaintiff filed suit against various Illinois judges in federal district court.  *Id.* ¶¶ 20-21.  Judge Lawless was assigned Plaintiff's federal lawsuit, which was captioned *Henry v. Coughlan*, *et al.*, Civ. A. No. 22-3239-CRL/KLM (C.D. Ill.).  *Id.* ¶ 22.  Judge Lawless dismissed Plaintiff's complaint.  *Id.* ¶ 24.  Because the state proceeding was ongoing, Judge Lawless determined that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was appropriate and dismissed for lack of jurisdiction.  *Id.* ¶¶ 24, 31; *Henry v. Coughlan*, *et al.*, Civ. A. No. 22-3239-CRL/KLM (C.D. Ill.), ECF No. 10 (Opinion). Plaintiff believes that Judge Lawless' decision was improper and that she lacked jurisdiction to issue her decision.   Compl. ¶¶ 26-28, 90, 91, 103.

---

[1]      Undersigned counsel represents Chief Justice Roberts in his official capacity only and represents Chief Judge Sykes and Judge Lawless in both their official and individual capacities.

[2]      The Federal Defendants accept as true the facts alleged in the Complaint solely for the purpose of this motion.

After Judge Lawless dismissed the case, an appeal was filed before the U.S. Court of Appeals for the Seventh Circuit. *Id.* ¶ 31. The appeal was captioned *Henry v. Hall*, *et al.*, No. 23-2408 (7th Cir.). Compl. ¶¶ 107-08. The Seventh Circuit dismissed the appeal and ordered Plaintiff to show cause why sanctions should not be issued. *Henry v. Coughlan*, Civ. A. No. 22-3239-CRL/KLM (C.D.IL.), ECF No. 25 (Mandate). Plaintiff filed a response to the order to show cause, but the Seventh Circuit issued an order fining Plaintiff $2,000 because his response did not show that the appeal presented any non-frivolous position. *See Henry v. Hall, et al.*, No. 23-2408 (7th Cir.), ECF No. 25. Plaintiff disagreed with the decision issued by the Seventh Circuit. Compl. ¶¶ 113-16.

Chief Justice Roberts is chair of the Judicial Conference of the United States, a component of which is the Advisory Committee on Civil Rules, which promulgates the Federal Rules of Civil Procedure ("Rules"). *Id.* ¶ 16. Plaintiff alleges that the Rules "fail[] to properly address and [i]ssue [r]ulings on the [c]orrect [p]rocedure to [f]ollow when a [l]awyer who has not been [h]ired by a [g]overnment [e]ntity [f]iles a lawsuit on behalf of a [m]unicipal [g]overnment when they have never been hired by the [g]overnment [e]ntity." *Id.* ¶ 16. Relatedly, he alleges that the Chief Justice "failed to Create a Federal Rule of Civil Procedure that deals with [c]orporations not being represented by [l]aw [f]irms and the lack of [j]urisdiction of the [c]ourts in this instance." *Id.* ¶ 84; *see also* ¶¶ 92-95 (allegations regarding the Rules Enabling Act and obligations of the Judicial Conference of the United States with respect to revising procedural rules); ¶ 117 ("The Failure of Defendant Roberts and Theis and the lack of court rules dealing with lawyers who file litigation when they are not hired by the client is the cause of this violation of Due Process.").

Count I is against "[a]ll Defendants" for various rulings against Plaintiff and with which he otherwise disagrees. *See* Compl. ¶ 120. The Complaint seeks monetary relief in connection

with this Count. *Id.* Count III alleges that Judge Lawless deprived Plaintiff of his Fourth, Fifth, Seventh, Ninth, and Fourteenth Amendments rights. *See id.* ¶ 122. The Complaint seeks monetary relief in connection with this Count. *Id.* Count IV alleges that the Chief Justices' alleged failure to promulgate rules that align with Plaintiff's view of the law caused other defendants to violate Plaintiff's constitutional rights. *Id.* ¶ 123. The Complaint seeks monetary relief in connection with this Count. *Id.*

No specific count of the Complaint purports to state a claim against Chief Judge Sykes. *See* generally, Compl. The body of the Complaint alleges that the Seventh Circuit, under the direction of Chief Judge Sykes, issued orders against him and threatened him with fines. *See* Compl. ¶¶ 108-16. It is unclear what claim for relief the Complaint purports to state against Chief Judge Sykes. No other count of the Complaint specifically addresses any of the Federal Defendants.

## LEGAL STANDARDS

### I.   Dismissal Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure ("Rule") 12(b)(1) requires dismissal of claims where the Court "lack[s] jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted). "A federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists." *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 n.9 (D.C. Cir. 1984) (emphasis added); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction."). "If sovereign immunity has not been waived, a claim is subject to dismissal under Rule 12(b)(1) for lack of subject matter

jurisdiction." *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013) (citing *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)).   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia,* 514 F.3d 1279, 1283 (D.C. Cir. 2008), but it need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations[,]" *Rann v. Chao,* 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

## II.    Dismissal Pursuant to Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted.   To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 678.  However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Id.*   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

### III.    Application of the Pleading Rules to Pro Se Plaintiffs

The pleadings of *pro se* parties are to be "liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted); *McNeil v. United States*, 508 U.S. 106, 113 (1993). This means that even a *pro se* plaintiff must meet his burden of proving subject matter jurisdiction to survive a Rule 12(b)(1) motion to dismiss. *See, e.g.*, *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007) (dismissing complaint where *pro se* plaintiff failed to prove subject matter jurisdiction). Likewise, although a *pro se* complaint "must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief'" to withstand a Rule 12(b)(6) challenge. *Budik v. Dartmouth–Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C.2013) (citation omitted)); *Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences . . . need not be accepted" if they "are unsupported by the facts set out in the complaint" (citation omitted)); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (noting that a *pro se* complaint must state a claim upon which relief can be granted).

### ARGUMENT

Plaintiff's Complaint should be dismissed as to the Federal Defendants for several reasons. First, this Court lacks jurisdiction over claims for damages against the Federal Defendants in their official capacities.   Second, this Court lacks jurisdiction to review the decisions of sister courts or courts of appeals.    Third, to the extent that Plaintiff attempts to state a claim under 42 U.S.C. § 1983 against any of the Federal Defendants, there is no waiver of sovereign immunity to do so.

Fourth, absolute immunity bars claims against any of the Federal Defendants in their personal capacities.  Finally, to the extent that Plaintiff attempts to state a *Bivens* claim against Judge Lawless, such claim should be dismissed for failure to state a claim.

## I.     The Court Lacks Jurisdiction Over Plaintiff's Claim For Damages Against The Federal Defendants In Their Official Capacities

The law clearly establishes that sovereign immunity bars Plaintiff's claims for damages against the individual judges in their official capacities.  Because the Complaint states that "[t]his Case is brought against all Defendants for them acting as Judges and Attorneys and Officers of the Judicial Branches in administrative duties in the Federal and State Courts," Compl. ¶ 32, all claims against the Federal Defendants should be construed as official capacity claims and they should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).

The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 411–12, 5 L.Ed. 257 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir. 2006) (citations omitted). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994); *Galvan v. Fed. Prison Indus., Inc*., 199 F.3d 461, 463 (D.C. Cir. 1999).  A lawsuit against a government official in his official capacity is tantamount to a suit against "an entity of which an officer is an agent[,]" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal quotation marks omitted) (quoting *Monell v. N.Y. Dep't of Soc. Servs*., 436

U.S. 658, 690 n. 55 (1978)); therefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity.

Significantly, although Congress may waive sovereign immunity—and, accordingly, the government's liability to suit—any such waiver must be express. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). And a plaintiff bears the burden of establishing that sovereign immunity has been waived or abrogated. *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003) (citations omitted). Plaintiff has failed to meet his burden.

In this case, Plaintiff has brought suit against three individual Article III federal judges. *See* Compl. ¶¶ 103, 111, 120, 122, 123. To the extent that Plaintiff has sued the judges in their official capacities, these defendants are part of the United States government for the purposes of sovereign immunity. *See Graham*, 473 U.S. at 165–66; *Jackson v. Donovan,* 844 F. Supp. 2d 74, 76 (D.D.C. 2012), *aff'd* 516 F. App'x 3 (D.C. Cir. 2013); *see, e.g., Mason v. Judges of U.S. Ct. of Appeals for D.C. Cir. in Regular Active Serv. Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991) ("To the extent the present suit is against the active judges of this court, it is a suit 'against the United States.'"). In order to avoid the sovereign immunity bar and the concomitant finding that this Court lacks jurisdiction, Plaintiff must establish that Congress has waived sovereign immunity expressly with respect to the particular claim. *Smith v. Scalia*, 44 F. Supp. 3d 28, 38–39 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015). The Complaint contains no reference to waiver of sovereign immunity. *See generally*, Compl.[3] Plaintiff has failed to meet his burden of showing an express waiver and, as a result, the official capacity claims—which the Federal Defendants interpret to comprise all claims against

---

[3]     The only source of jurisdiction cited by Plaintiff is 28 U.S.C. § 1331.  Compl. ¶ 117.

them—must be dismissed for lack of subject matter jurisdiction. *See Smith*, 44 F. Supp. 3d at 39-40 (dismissing official capacity claims against Article III judges).

## II.  <u>The U.S. District Court for the District of Columbia Lacks Authority To Review The Decisions Of Other Federal Courts</u>

In addition to there being no waiver of sovereign immunity for Plaintiff's suit, this Court lacks subject matter jurisdiction to review the decisions of courts in the Central District of Illinois and the Seventh Circuit.

The federal district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts." *United States v. Choi,* 818 F. Supp. 2d 79, 85 (D.D.C. 2011). This Court's jurisdiction is drawn from the same statutory sources as its sister courts, both in this District and elsewhere. *See* 28 U.S.C. §§ 1331, 1332; *see also Ortiz v. Pratter,* Civ. A. No. 15–0481, 2015 WL 1546252, at *1 (D.D.C. Apr. 3, 2015) ("The Eastern District of Pennsylvania and this Court have the same jurisdiction conferred by 28 U.S.C. §§ 1331, 1332."). Therefore, this Court has no subject matter jurisdiction to reconsider the decisions of other federal district courts. *See Fleming v. United States,* 847 F. Supp. 170, 172 (D.D.C. 1994) (first citing *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); and then citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 416 (1923)); *see also Atchison v. U.S. Dist. Cts.,* 190 F. Supp. 3d 78, 88 (D.D.C. 2016), aff'd, 240 F. Supp. 3d 121 (D.D.C. 2017) ("The Court finds that it has no subject matter jurisdiction to hear claims against Defendant Court that attack the judicial acts of a sister court in a prior case.").

Here, Plaintiff is effectively asking this Court to review Judge Lawless's decision to dismiss his complaint in the Central District of Illinois and the Seventh Circuit's affirmance of Judge Lawless's decision. Compl. ¶¶ 103, 111, 120, 122. Because this Court does not have subject

matter jurisdiction to do so, the claims against Judge Lawless and Chief Judge Sykes (Counts I and III) should be dismissed for this additional reason.

## III.    The Court Lacks Subject Matter Jurisdiction for Any Claim Under Section 1983

Finally, to the extent that Plaintiff purports to state any claim against the Federal Defendants pursuant to 42 U.S.C. § 1983, such claims should be dismissed for lack of jurisdiction.

The Complaint states at one point that "[t]his suit is [b]rought under 42. USC 1983, but "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 does not "authorize suits challenging actions taken under color of federal law," or "waive the United States' sovereign immunity." *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007); *see also Miango v. Dem. Rep. Congo*, 243 F. Supp. 3d 113, 134 (D.D.C. 2017) ("[S]ection 1983 does not create a cause of action against a federal actor[.]").  And "[s]overeign immunity may not be waived by federal agencies." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005).

The Defendants are all Article III judges. Accordingly, Section 1983 does not provide a waiver of sovereign immunity for Plaintiff to bring these claims against Defendants and Counts I, III, and IV of the Complaint, as they pertain to the Federal Defendants, must additionally be dismissed for lack of jurisdiction on this ground.

## IV.    Absolute Judicial Immunity Bars the Claims Against the Individual Judge Defendants In Their Personal Capacities

To the extent that Plaintiff's claims against Judge Lawless are interpreted as being in her personal capacity, they are barred by the doctrine of absolute immunity and should be dismissed pursuant to Rule 12(b)(6).  *See Forrester v. White*, 484 U.S. 219, 225 (1988) (claims against judges

in their individual capacities must be dismissed because judges are absolutely immune from lawsuits predicated on acts taken in their judicial capacity); *Caldwell v. Kagan*, 455 Fed. Appx. 1, 1 (D.C.Cir.2011) (a claim asserted against a federal judge stemming from official judicial acts is subject to dismissal under Rule 12(b)(6) (citations omitted)); *see*, *e.g.*, *Smith*, 44 F. Supp. 3d at 40.[4]

It is well established that judicial immunity shields federal judges from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (citations omitted); *Rodriguez v. Editor in Chief, Legal Times*, No. 07–5234, 2007 WL 5239004, at *2 (D.C. Cir. Dec. 19, 2007) (citations omitted); *Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 91 (D.D.C. 2012), *aff'd,* No. 12-5317, 2013 WL 1733756 (D.C. Cir. Apr. 2, 2013) (citing *Caldwell*, 455 Fed. Appx. at 1). This absolute immunity protects judges from allegations predicated on actions that they performed in their judicial capacity. *See Mireles*, 502 U.S. at 12; *Forrester*, 484 U.S. at 225; *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Clark v. Taylor*, 627 F.2d 284, 287 (D.C. Cir. 1980) (per curiam). "Accordingly, courts in this district routinely dismiss matters filed against judges in their judicial capacity." *Tsitrin*, 888 F. Supp. 2d at 91 (collecting cases); *see also Moore*, 437 F. Supp. 2d at 91; *Rodriguez*, 2007 WL 5239004, at *2 (dismissing claims for money damages against state and federal judges challenging judicial actions).

The scope of this immunity is broad: "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*,

---

[4]     There are no allegations in the Complaint that Chief Judge Sykes personally violated any of Plaintiff's constitutional rights.  To the extent that the Complaint could plausibly be construed as stating a personal capacity claim against Chief Judge Sykes, such claim is also barred by the doctrine of absolute immunity and should be dismissed pursuant to Rule 12(b)(6).  *See Forrester*, 484 U.S. at 225.

435 U.S. at 356–57 (citation omitted); *see also Forrester*, 484 U.S. at 227–29 (absolute immunity protects a judge for liability stemming from adjudicative acts performed in his official capacity); *Mireles*, 502 U.S. at 11 ("Judicial immunity is not overcome by allegations of bad faith or malice[.]"). In other words, "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356.

Courts in this judicial district have addressed claims analogous to Plaintiff's and have found that judges are entitled to absolute immunity from suit.  In *Caldwell v. Kagan*, 865 F. Supp. 2d 35 (D.D.C. 2012), the plaintiff sued judges of the U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the D.C. Circuit, the U.S. Tax Court, and a number of other federal officials for what he perceived as unjust and unconstitutional misconduct committed during the course of earlier cases. 865 F. Supp. 2d at 39–40. Specifically, the plaintiff contended that the judges' dismissals of his earlier complaints, and the Supreme Court's denial of his petition for certiorari, infringed his right to due process. *Id*. at 40. Because the cases had been properly before the judges when they took the challenged action, the court held that the district court judge who dismissed the plaintiff's previous complaints was entitled to absolute immunity, as was the panel of D.C. Circuit judges who affirmed that dismissal on appeal regardless of whether the dismissal or denial actually violated the Constitution. *See id*. at 40, 42–43.  The court in *Smith* also dismissed similar claims.  44 F. Supp. 3d at 40–42 (dismissing personal capacity claims against federal judges who dismissed suits by plaintiff and upheld dismissal decisions).

*Caldwell* and cases like it underscore the purpose of absolute judicial immunity: it safeguards the adjudicatory process because, without it, losing litigants would be "apt to complain of the judgment against [them]" and "ascri[be] improper motives to the judge." *Bradley v. Fisher*,

80 U.S. (13 Wall.) 335, 348–49 (1871). In the absence of such immunity protection, "[t]he judge would risk being haled into court by the losing party in every decision he rendered, and the second judge addressing the suit against the first would risk the same if he found in favor of the initial judge[,]" *Caldwell*, 865 F. Supp. 2d at 43 (quoting *Bradley*, 80 U.S. at 348–49), a result that would imperil the proper functioning of our federal court system. Thus, the well-established "remedy for alleged mishandling of a prior case is not a *Bivens* action against the . . . judge, who enjoys absolute immunity, but an appeal or appeals in the prior case[.]" *Howard v. U.S. Dist. Court ex rel. District of Columbia*, 468 Fed. Appx. 12, 12 (D.C. Cir. 2012) (internal citations omitted).

Like *Caldwell* and *Smith*, the instant complaint presents the classic case of a dissatisfied litigant. Without question, all of the allegations in the instant complaint relate to Judge Lawless's actions in her role as a judge: the dismissal of Plaintiff's former case, the content of the written opinions, and the affirmation of lower court decisions. Compl. ¶¶ 24, 26, 28, 103, 122. Thus, as prior similar cases establish, the sole remedy for the "alleged mishandling" of Plaintiff's prior cases is "an appeal"—which Plaintiff "has [already] pursued and lost"—not a lawsuit against the judges who made that determination. *Howard*, 468 Fed. Appx. at 12.

The Complaint appears to attempt to develop the argument that Judge Lawless did not have jurisdiction to make the decision that she did when dismissing Plaintiff's complaint in *Henry v. Coughlan, et al.*, Civ. A. No. 22-3239-CRL/KLM (C.D.Ill.) and that alleged fact permits suit against her in her personal capacity. Compl. ¶ 103. This argument lacks merit. In addition to the fact that it was Plaintiff who initiated the lawsuit in the Central District of Illinois (the court he now claims lacked jurisdiction), judges are permitted to make rulings as to jurisdictional issues— just not merits issues—in cases where they lack jurisdiction. *See Anderson v. Carter*, 802 F.3d 4, 88 (D.C. Cir. 2015) ("when a federal court has no jurisdiction over a case, it cannot

determine any other question concerning the merits of that action").  Plaintiff contests Judge Lawless's decision that the *Younger* abstention doctrine applied to his claim and her dismissal on that ground. Compl. ¶¶ 24, 103.  It was within Judge Lawless's power as an Article III judge to determine that the *Younger* abstention doctrine applied to Plaintiff's claim and dismiss for lack of jurisdiction.

To the extent that Plaintiff's claims against Judge Lawless are interpreted as being in her personal capacity, they are barred by the doctrine of absolute immunity and should be dismissed pursuant to Rule 12(b)(6).

## V.     <u>Plaintiff Fails To State a *Bivens* Claim</u>

To the extent that the Complaint is construed as attempting to state a claim against Judge Lawless under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971), it should also be dismissed for failure to state a claim.

The Supreme Court has recognized a *Bivens* claim in only three circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022). One, for injuries by federal officers who violated the Fourth Amendment by using excessive force while arresting a suspect from his home under federal domestic drug laws. *Id.* (citing *Bivens*, 403 U.S. at 389).  Two, under the Fifth Amendment for gender discrimination against a congressional staffer when no anti-discrimination statute applied to the workplace at issue. *Id.* (citing *Davis v. Passman*, 442 U.S. 228 (1979)). And three, under the Eighth Amendment for inadequate medical care to a federal prisoner. *Id.* (citing *Carlson v. Green*, 446 U.S. 14 (1980)).

Today, "recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert*, 142 S. Ct. at 1803. In considering a proposed *Bivens* claim, a court's inquiry proceeds in two stages. *Id.* The court first asks: "whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Id.*

(cleaned up).  And second, "a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (internal quotation marks omitted). One such "special factor" is that "Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Id.* at 1804 (cleaned up). Indeed, "[i]f there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* (internal quotation marks omitted). Here, there is an alternative remedial structure in place, *i.e.,* the remedy for the "alleged mishandling" of Plaintiff's prior cases is "an appeal"—which Plaintiff "has [already] pursued and lost"—not a lawsuit against the judges who made that determination. *Howard*, 468 Fed. Appx. at 12.

These two "steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. "When asked to imply a *Bivens* action, [the] watchword is caution." *Id.* (internal quotation marks omitted). "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* (internal quotation marks omitted); *accord id.* ("Even a single sound reason to defer to Congress is enough to require a court to refrain from creating such a remedy" (cleaned up)). This is a difficult standard to meet, by design—"in most every case," the Court has stressed, there will be "a rational reason to think" that Congress rather than the courts "should decide whether to provide for a damages remedy," and so, "no *Bivens* action may lie." *Id.*

Plaintiff's claims against Judge Lawless do not fall into any of the three categories recognized in *Egbert* and Plaintiff cannot demonstrate that a new *Bivens* context should be recognized.

## CONCLUSION

For these reasons, Plaintiff's Complaint should be dismissed as to the Federal Defendants pursuant to Rules 12(b)(1) and 12(b)(6).

Dated: July 12, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____ */s/ Sian Jones* _____
    SIAN JONES, D.C. Bar #1024062
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2578

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 12, 2024, I will cause to be served on

Plaintiff via first-class mail, postage prepaid, the foregoing Motion to the following address:

MICHAEL F. HENRY
13233 Bundoran Court
Orland Park, IL 60462


By: _/s/ Sian Jones_____
*Counsel for the United States*