IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL HENRY,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN G. ROBERTS, JR., in his official capacity as Chief Justice of the United States, et al.,<br><br>    Defendants. | No. 1:24-cv-01276-DLF<br><br>Judge Dabney L. Friedrich |

## STATE DEFENDANTS' MOTION TO DISMISS

Defendants Kwame Raoul, Attorney General of Illinois; Mary Jane Theis, Chief Justice of the Illinois Supreme Court; Mary Kathleen McHugh, Circuit Judge, Circuit Court of Cook County; Thomas W. Murphy; David Tichy; and Frank Bieszczat (the "State Defendants") hereby move to dismiss the action under Rule 12(b)(6).

## BACKGROUND

Plaintiff is a resident of the Village of Orland Park, Illinois. Doc. 1 ("Compl.") at p. 29. In 2020, the Village sued plaintiff in Cook County Circuit Court, "alleging that he made automated phone calls that created a nuisance and violated the Telephone Consumer Protection Act." *Henry v. Hall*, No. 23-2408, 2024 WL 1477633 (7th Cir. Apr. 5, 2024); *see* Compl. ¶¶ 7-8.[1] The Village was represented by Howard Jablecki and the law firm of Klein, Thorpe, and Jenkins, who are each named defendants here. Compl. ¶ 7. Plaintiff disputed whether the Village had properly retained

---

[1] The Court can take judicial notice of "docket entries and opinions" of other courts. *Wilson v. U.S. Bank, N.A.*, No. 23-cv-3058, 2024 WL 2110142, at *1 n.1 (D.D.C. May 10, 2024) (Friedrich, J.); *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

these attorneys and moved to dismiss on that ground. *Id.* ¶ 9. Defendant Thomas Murphy, who at that time served as a circuit court judge in Cook County, denied the motion. *Id.* ¶ 13. Defendant Mary Kathleen McHugh, who serves as a circuit court judge in Cook County, was subsequently assigned the case. *See* Electronic Docket, *Village of Orland Park v. Henry*, No. 20205000698 (Cook Cnty.).[2] According to the electronic docket, the case remains pending. *Id.*

Plaintiff has subsequently filed multiple federal actions against the Village; Jablecki; Klein, Thorpe, and Jenkins; and various state and federal officials. *See Henry v. United States*, No. 1:20-cv-3689 (D.D.C.); *Henry v. United States*, No. 3:21-cv-3244 (C.D. Ill.); *Henry v. Coughlan*, No. 3:22-cv-03239 (C.D. Ill.); *Henry v. United States*, No. 3:23-cv-3046 (C.D. Ill.).[3] Most of these actions allege various errors associated with the state-court proceedings.

Of greatest relevance here, in 2022, plaintiff filed a federal action against multiple Illinois circuit and appellate judges, including defendants Murphy and McHugh, as well as defendant Mary Jane Theis, who serves as chief justice of the Illinois Supreme Court. *See Henry v. Coughlan*, No. 3:22-cv-03239 (C.D. Ill.). Plaintiff alleged that the judges "tolerated widespread corruption in the state judiciary and refused to apply Supreme Court precedent in his case," and that Murphy had "solicited a bribe from him," all in violation of his federal due-process rights. *Henry*, 2024 WL 1577633, *1. The district court dismissed the case, reasoning that abstention was appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), that plaintiff's damages claims were barred by judicial-immunity principles, and that his request for injunctive relief was barred by 42 U.S.C. § 1983. *Id.* Plaintiff appealed, and the Seventh Circuit dismissed his appeal on the ground that he had failed

---

[2] The docket is available at https://casesearch.cookcountyclerkofcourt.org/CivilCaseSearchAPI.aspx.

[3] Plaintiff resides in the Northern District of Illinois, but that court has entered an order prohibiting him from filing new civil actions in that district. *See In re Henry*, No. 1:07-cv-7159 (N.D. Ill.), *aff'd sub nom. Henry v. United States*, 360 F. App'x 654 (7th Cir. 2010).

to comply with the Federal Rules of Appellate Procedure, principally by "fail[ing] to advance a legal reason to question the district court's rationale for dismissing his case," and instead levying "unsubstantiated accusations . . . at the defendants in th[at] suit" and others. *Id.* Noting that plaintiff had previously "engaged in frivolous litigation" in the Seventh Circuit, the court ordered plaintiff to show cause why he should not be sanctioned, *id.*, and subsequently fined him $2,000 as a sanction, Doc. 25, No. 23-2408 (7th Cir.) (Apr. 25, 2024). As of June 6, 2024, plaintiff had not paid the fine. Doc. 29, No. 23-2408 (7th Cir.) (June 6, 2024).

Instead, in April 2024, plaintiff filed this federal action against defendants Theis, Murphy, and McHugh (all Illinois state-court judges previously named as defendants in his Central District of Illinois case); Illinois Attorney General Kwame Raoul; assistant attorneys general Frank Bieszczat and David Tichy, who represented the judges in the 2022 Central District action; and various other defendants. Doc. 1. Plaintiff appears to allege in Count I that all defendants violated his due-process rights by permitting his state-court proceedings to proceed despite the court's lack of jurisdiction (caused, he asserts, by the Village's alleged failure to properly retain his opposing counsel). Compl. ¶ 120. He appears to allege in Count II that Attorney General Raoul, Tichy, and Biezsczat violated the Illinois Rules of Professional Conduct by "[f]alsifying [c]ourt filings[,] withholding evidence[,] and [c]overing up their [k]nowledge" that the Village failed to properly retain his opposing counsel. *Id.* ¶ 121. He appears to allege in Count V that Chief Justice Theis failed to ensure the promulgation of appropriate Illinois procedural rules, causing other defendants to violate his constitutional rights. *Id.* ¶ 124. And he appears to allege in Count VI that Judges McHugh and Murphy violated his constitutional rights by adjudicating the state-court case despite knowledge that the Village had improperly retained his opposing counsel. *Id.* ¶ 125. The remaining counts of the complaint do not appear to allege claims against the state defendants.

3

**ARGUMENT**

The complaint is deficient on multiple grounds and should be dismissed. Plaintiff's claims against the state-court judges are barred by *res judicata* and judicial immunity principles, and his claims against all defendants are barred by sovereign and qualified immunity and fail on the merits.

**A.      Plaintiffs' Claims Against The State-Court Judges Are Procedurally Barred.**

Plaintiff's claims against Chief Justice Theis and Judges McHugh and Murphy are barred by *res judicata* and principles of judicial immunity and can be dismissed on either ground.

1.      First, plaintiff's claims against defendants Theis, McHugh, and Murphy are barred by *res judicata*. Under the doctrine of *res judicata*, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002). Under that doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Id.* (emphasis in original).

Under *res judicata* principles, plaintiff's Central District suit against the state-court judges bars him from litigating his claims against the same defendants here. First, both suits involve "the same parties or their privies," *id.*: plaintiff, Justice Theis, and Judges McHugh and Murphy. *See* Complaint ¶ 6, *Henry v. Coughlan*, No. 3:22-cv-03239 (C.D. Ill.) (Doc. 1) (naming defendants). Second, the Central District action was litigated to a "judgment on the merits," *Drake*, 291 F.3d at 66: The district court in that case granted the defendants' motion to dismiss, holding that plaintiff's claims failed on multiple grounds, and entered a final judgment, *see* Order, *Henry*, No. 3:22-cv-03239 (Doc. 10); Judgment, *Henry*, No. 3:22-cv-03239 (Doc. 11). Plaintiff appealed that opinion, but his appeal was dismissed. *Henry*, 2024 WL 1577633, *1. Finally, although plaintiff's claims in the Central District suit appear to differ from his claims here (in that his claims there targeted

4

alleged corruption whereas his claims here appear to target various conduct relating to the Village's failure to properly retain counsel), he "could have," *Drake*, 291 F.3d at 66 (emphasis omitted), brought his current claims against the state-court judges in his Central District suit. Plaintiff alleges that he was aware of the alleged defect in the Village's retention of the private defendants as early as December 2020, when he "informed Judge Murphy" in court of the issue. Compl. ¶ 10; *see also id.* ¶ 15 (Murphy and McHugh "[w]ere aware at all times that Jablecki did not have authority to act on behalf of the Village of Orland Park"). He thus could have brought his current claims in the Central District action, but did not. Under those circumstances, *res judicata* bars him from taking a second bite at the apple.

2. Plaintiff's claims against the state-court judges are separately barred by principles of judicial immunity. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). Here, plaintiff's claims against the state-court judges plainly stem from "actions taken in the judge's judicial capacity," *Sindram*, 986 F.2d at 1450: His claims against Chief Justice Theis stem from her alleged failure to promulgate appropriate rules of Illinois civil procedure, Compl. ¶ 124; *accord id.* ¶¶ 97-98 (Theis "is administratively responsible [for] create[ing] and caus[ing] changes to . . . the Illinois Rules of Practice and Procedure"), and his claims against Judges McHugh and Murphy stem from their alleged failure to grant his motion to dismiss the state-court suit on the ground that the Village had failed to properly retain the private defendants, *id.* ¶ 125; *accord id.* ¶ 15. These are actions taken in the state-court judges' "judicial capacity," *Sindram*, 986 F.2d at 1450, not their personal capacity.

Plaintiff's complaint can be read to suggest that judicial immunity does not bar his claims against McHugh and Murphy because those judges acted without jurisdiction in presiding over his state-court case. *See* Compl. ¶¶ 82, 88-91, 96. (Plaintiff identifies no reason why this exception would apply to his claims against Theis.) But the scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of a judge," *Stump v. Sparkman*, 435 U.S. 349, 356 (1978), and here plaintiff advances no serious argument that Judges McHugh and Murphy acted without jurisdiction in presiding over his state-court case. Plaintiff's argument appears to be that the state court lacked jurisdiction because the Village failed to properly retain the private defendants as its counsel, Compl. ¶ 82, but plaintiff identifies no authority for the notion that a court's jurisdiction turns on whether a municipality complied with its own ordinances in appointing attorneys to speak for it in court. In any event, Illinois courts are "courts of general jurisdiction," *Blount v. Stroud*, 232 Ill. 2d 302, 238 (2009), presumptively authorized to adjudicate all claims arising under federal and state law. Judges McHugh and Murphy did not act "in the complete absence of all jurisdiction," *Sindram*, 986 F.2d at 1460, in presiding over the Village's civil claims against plaintiff, which was brought pursuant to state and federal statutes, 2024 WL 1477633, at *1. Plaintiff was entitled to raise his argument that the state court lacked jurisdiction because of alleged defects in the Village's appointment of counsel, and by his own allegations, he did. Compl. ¶ 9. But he cannot now seek to relitigate the rejection of that argument by bringing claims for damages against the judges who rejected it. That is the very reason for judicial immunity. *See Caldwell v. Kagan*, 865 F. Supp. 2d 35, 43 (D.D.C. 2012) (absent judicial immunity, a "judge would risk being haled into court by the losing party in every decision he rendered").[4]

---

[4] Plaintiff's complaint appears to seek only money damages from the state-court judges, *see* Compl. ¶¶ 120, 124-25, but to the extent plaintiff seeks prospective injunctive relief, such relief is barred by statutory judicial immunity principles. Although common-law judicial immunity does

6

**B.     Plaintiff's Claims Against All State Defendants Are Barred By Sovereign Immunity and Qualified Immunity and Fail On The Merits.**

Plaintiff's damages claims against all state defendants (including the state-court judges) should also be dismissed because they are barred by sovereign and qualified immunity, and fail on the merits in any event.

1.     Plaintiff's claims against all state defendants are barred by immunity principles. To the extent plaintiff's claims are understood as official-capacity claims, they are barred by sovereign immunity. States enjoy "constitutional immunity from suit" in federal court, *Alden v. Maine*, 527 U.S. 706, 726 (1999), and a suit against a state official in his or her official capacity is "another way of pleading an action against an entity" (namely, the state) "of which an officer is an agent," *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Although a state can waive sovereign immunity, and under certain circumstances Congress can abrogate it, *Alden*, 527 U.S. at 755-56, plaintiff does not allege that either of these circumstances is present here. So to the extent his claims against the state defendants are understood as official-capacity claims—for instance, his claim that Chief Justice Theis has failed to promulgate appropriate rules of Illinois procedure, Compl. ¶ 124, or his claim that Judges McHugh and Murphy failed to grant his motion to dismiss the pending state-court litigation, *id.* ¶ 124—they are barred by principles of state sovereign immunity.

---

not apply to claims for injunctive relief, *see Pulliam v. Allen*, 566 U.S. 522, 541-42 (1984), section 1983 by its own terms "immunizes" state "judicial officers against suits for injunctive relief," *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006); *see also Klayman v. Blackburne-Rigsby*, No. 21-cv-409, 2021 WL 2652335, at *2-3 (D.D.C. June 28, 2021). Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff identifies no reason why either statutory exception is met here. *Cf. Hoai v. Superior Court*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) ("[A] failure to get one's desired decisions" in state court "does *not* constitute such 'unavailability' . . . .").

7

To the extent plaintiff's claims are understood as individual-capacity claims, by contrast, they are barred by principles of qualified immunity. Although a plaintiff may obtain damages from a state official sued under § 1983 in his or her personal capacity, *Graham*, 473 U.S. at 166, he can do so only if the official is not shielded by qualified immunity.  "An official who asserts a qualified immunity defense can only be held liable if the plaintiff suing him establishes that the official 'violated a constitutional right' that 'was clearly established' at the time." *Lash v. Lemke*, 786 F.3d 1, 5 (D.C. Cir. 2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "For a right to be clearly established," the D.C. Circuit has explained, "its 'contours [must be] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Id.* (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014)). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quotation marks omitted).

Here, at minimum plaintiff's claims against state defendants, to the extent they are read as personal-capacity claims, are barred by qualified immunity. As discussed below, state defendants did not violate plaintiff's constitutional rights at all. *Infra* pp. 9-12. At minimum, though, no state defendant would have understood that he or she was violating "clearly established" law, *Lash*, 786 F.3d at 5, by (a) failing to promulgate appropriate Illinois procedural rules (Theis); (b) adjudicating plaintiff's state-court case (McHugh and Murphy); or (c) defending the state-court judges against plaintiff's Central District case (Raoul, Bieszczat, and Tichy). Qualified immunity "exists to protect officers 'from undue interference with their duties and from potentially disabling threats of liability,'" *id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)), and this case illustrates the importance of that goal. At minimum, plaintiff's damages claims against the state defendants are barred by qualified immunity.

2. Plaintiff's claims also fail on the merits. Plaintiff's overarching argument is that the state defendants have violated the law by permitting the Village's state-court action against him to proceed despite their knowledge that opposing counsel in that case has not been properly retained. But plaintiff's allegations, even taken as true, do not "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), under any of his asserted theories. At bottom, plaintiff's suit is a meritless attempt to harass the judges and attorneys involved in other litigation in which he is a participant—behavior for which plaintiff has repeatedly been sanctioned by other courts. *See supra* pp. 2-3 & n.3. This Court should dismiss the complaint.

a. Count I alleges that "all [d]efendants" have violated plaintiff's due-process rights by permitting the state-court case to proceed, notwithstanding plaintiff's view that the court "had no [j]urisdiction to adjudicate" it due to the Village's failure to properly retain counsel. Compl. ¶ 120. This claim fails on multiple levels.

First, defendants Theis, Raoul, Bieszczat, and Tichy have no connection to the state-court case at all. Chief Justice Theis is sued, by plaintiff's own admission, solely in her capacity as "head of the [r]ules committee" of the Illinois Supreme Court, a role in which (in plaintiff's view) she failed to promulgate certain rules of procedure. *Id.* ¶¶ 17, 124.[5] Defendants Bieszczat and Tichy are alleged to have violated the law only in representing the state-court judges in plaintiff's federal case. *Id.* ¶¶ 18-19, 24-25, 121. And although plaintiff asserts that Attorney General Raoul is liable for the same reasons as defendants Bieszczat and Tichy, *id.*, he makes no serious allegation that

---

[5] Although the state defendants accept plaintiff's allegations for purpose of this motion, in Illinois the Code of Civil Procedure is enacted by the General Assembly, not a committee overseen by the Illinois Supreme Court, *see* 735 ILCS 5/1-101 *et seq.*, and although there is a committee charged with promulgating the Rules of the Supreme Court, it is not chaired by Chief Justice Theis, *see* Ill. Supreme Court, *Committees and Commissions*, https://www.illinoiscourts.gov/courts/supreme-court/committees-and-commissions/.

the Attorney General of Illinois had (or has) personal knowledge of any of the events described in the complaint. A state official is liable under § 1983 only if he or she was "personally or directly involved" in the alleged constitutional violation, *Way v. Johnson*, 893 F. Supp. 2d 15, 22 (D.D.C. 2012); *see Brown v. District of Columbia*, 514 F.3d 1279, 1285 (D.C. Cir. 2008), and plaintiff has not plausibly alleged that any of these defendants had any personal involvement in the state-court proceedings sufficient to give rise to liability.

Regardless, Count I is meritless. Plaintiff identifies no authority for the proposition that an attorney or a judge violates the Due Process Clause by failing to police a litigant's compliance with its internal procedures for the appointment of counsel, as plaintiff appears to suggest. Compl. ¶ 120. "Only the most egregious official conduct rises to the level of a substantive due process violation," *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) (cleaned up), and the failure to ensure that a litigant appropriately followed its internal procedures in appointing counsel hardly qualifies. And the course of events that plaintiff describes can hardly violate procedural due process principles, given that—as the complaint itself alleges, Compl. ¶¶ 9-15—he had (and took advantage of) the opportunity to seek dismissal on the ground that he identifies and his motion was denied. "The fundamental requirement of due process is the opportunity to be heard," *Mathews v. Eldridge*, 424 U.S. 319, 333 (1974), and here plaintiff, by his own allegations, was afforded that opportunity. Count I should be dismissed.

b.  Count II alleges that Bieszczat and Tichy (who represented the state-court judges in plaintiff's prior federal suit) and Attorney General Raoul "violated Illinois Rule of Professional Conduct 8.4(c)," which prohibits Illinois attorneys from engaging in various misconduct, including conduct "involving dishonesty, fraud, deceit, or misrepresentation." Compl. ¶ 121. But plaintiff does not identify a cause of action that could afford him relief on this claim: Section 1983 permits

10

a plaintiff to seek relief for deprivation only of rights stemming from the Constitution or a federal statute, not a state rule of professional conduct, 42 U.S.C. § 1983, and plaintiff identifies no other basis on which this claim could proceed. If plaintiff believes that an Illinois attorney violated the state rules of professional conduct, his recourse is to file a bar complaint, not a federal lawsuit.

      Regardless, this claim, too, is meritless: Plaintiff offers no reason to think it "conceivable," much less "plausible," *Iqbal*, 556 U.S. at 861, that the Attorney General of Illinois or the two attorneys who represented the state-court judges in his Central District case violated the rules of professional conduct in doing so. Plaintiff's theory appears to be that these attorneys knew that the Village had improperly retained counsel in the state-court case and failed to disclose that fact to the Central District or the Seventh Circuit, Compl. ¶¶ 19, 121, but it is not remotely "plausible," *Iqbal*, 556 U.S. at 861, that the attorneys who handled his federal lawsuit (much less the Attorney General of Illinois) would have had access to any information along those lines, and simply saying it does not make it so. And even if any of these attorneys *had* known or believed that the Village had improperly retained its counsel, plaintiff does not explain how or why that information might give rise to a suggestion of fraud or misconduct, especially given the nature of the defenses that were raised in the federal lawsuit (which centered on the judges' immunity from suit and whether the district court should have abstained under *Younger* rather than factual assertions about whether the Village had, in fact, properly retained counsel). Count II should be dismissed.

      c.      Count V alleges that Chief Justice Theis failed to ensure the promulgation of rules of civil procedure governing "how to deal with [l]awyers who create and [f]ile [l]itigation without the [a]uthorization of a [p]laintiff," thus resulting in the violation of his rights under "Amendments 4, 5, 7, 9 and 14." Compl. ¶ 124. That claim fails on multiple levels. For one, a plaintiff (even one proceeding *pro se*) must plead his claims with enough specificity to permit the Court and the parties

11

to understand the nature of the alleged wrong, *see* Fed. R. Civ. P. 8(a), rather than simply setting out a laundry list of constitutional provisions that he asserts have been violated. And, because (as discussed, *supra* p. 9) a state official is liable under § 1983 only if he or she was "personally or directly involved" in the alleged constitutional violation, *Way*, 893 F. Supp. 2d at 22, plaintiff also fails to adequately allege a causal connection between Chief Justice Theis's own conduct and any violation of his rights that may have occurred. Just to name a handful of the flaws associated with plaintiff's theory, plaintiff fails to identify a specific procedural rule that he believes Illinois should adopt, fails to explain how the absence of such a rule resulted in the violation of his constitutional rights, and fails to explain how Chief Justice Theis is personally responsible for the lack of such a rule, especially given that, as noted, *supra* p. 9 n.5, she lacks formal institutional responsibility for the promulgation of Illinois procedural rules. Count V should be dismissed.

      d.      Finally, Count VI alleges that Judges McHugh and Murphy unlawfully adjudicated his state-court case despite actual knowledge that the Village had improperly retained the private defendants as counsel, thus resulting in the violation of his rights under "Amendments 4, 5, 7, 9 and 14." Compl. ¶ 125. This claim is no more than an attempt to collaterally attack Judges McHugh and Murphy for presiding over a separate case in which plaintiff is a party, and it fails for all of the reasons already discussed: The judges are immune from suit for actions taken in their judicial capacity (including the rejection of arguments that, by plaintiff's own account, he has advanced in separate litigation); plaintiff fails to identify the nature of the alleged constitutional violation with sufficient specificity; and, to the extent plaintiff's theory is discernable, there is no support for the idea that a judge (or any other party) violates the Constitution simply by rejecting an argument that plaintiff has had an opportunity to present in court regarding whether opposing counsel was validly appointed consistent with the Village's internal procedures. Count VI should be dismissed.

## CONCLUSION

For these reasons, the Court should dismiss the claims against defendants Raoul, Theis, McHugh, Murphy, Tichy, and Bieszczat.

Dated: July 29, 2024                    Respectfully submitted,

                                                  KWAME RAOUL
                                                  Illinois Attorney General

                            By:   /s/ Alex Hemmer
                                        ALEX HEMMER
                                        Office of the Illinois Attorney General
                                        115 South LaSalle Street
                                        Chicago, Illinois 60603
                                        (312) 814-5526
                                        alex.hemmer@ilag.gov

                                        *Counsel for State Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2024, I caused this motion to be served on plaintiff Michael Henry by emailing a copy to plaintiff at michaelfhenry@live.com. Service via email is proper under Federal Rule of Civil Procedure 5(b)(2)(E) because plaintiff consented in writing (on July 2, 2024) to service via electronic means.

On the same date, I electronically filed the motion with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. All participants in the case other than plaintiff are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Alex Hemmer
ALEX HEMMER