UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL F. HENRY,

    *Plaintiff.*

v.

JOHN ROBERTS, *et al.*,

    *Defendants.*

No. 24-cr-01276 (DLF)

**ORDER**

    Michael Henry, proceeding pro se, brings this lawsuit against various federal and state judges challenging their rulings in other lawsuits involving him. *See* Compl. ¶ 89, Dkt. 1. Before the Court are the federal judges' Motion to Dismiss, Dkt. 25, and the state judges' Motion to Dismiss, Dkt. 28. For the reasons that follow, the Court will GRANT both motions to dismiss.

    Michael Henry resides in the Village of Orland Park, Illinois. Compl. ¶ 29. In 2020, Henry became embroiled in a legal battle with the Village over his robocall business. Two defendants in this action, Judge Murphy and Judge McHugh, presided over that case. Henry moved to dismiss, arguing that the Illinois court lacked jurisdiction because the law firm representing the Village had not actually been hired by the Village to bring the case. *Id.* ¶¶ 9–12. When the court rejected Henry's assertion, he filed suit[1] in the Central District of Illinois against those judges as well as the chief justice of the Illinois Supreme Court, also a defendant in this case. *Id.* ¶ 21; *Henry v.*

---

[1] Henry has filed numerous unsuccessful federal actions for alleged errors in state-court proceedings. *See, e.g., Henry v. United States*, No. 1:20-cv-3689 (D.D.C.); *Henry v. United States*, No. 3:21-cv-3244 (C.D. Ill.); *Henry v. United States*, No. 3:23-cv-3046 (C.D. Ill.). As a result, his home district in Illinois has prohibited him from filing new actions in the district. *See In re Henry*, No. 1:07-cv-7159 (N.D. Ill.), *aff'd sub nom. Henry v. United States*, 360 F. App'x 654 (7th Cir. 2010).

*Coughlan*, No. 3:22-cv-03239 (C.D. Ill.). Judge Lawless dismissed Henry's complaint, 22-cv-3239, Dkt. 10, and the Seventh Circuit affirmed the appeal and sanctioned Henry for filing a frivolous appeal, *Henry v. Hall,* No. 23-2408, Dkt. 25 (7th Cir. 2024).

When litigating in Illinois did not pan out, Henry set his sights on D.C., filing this action against three Illinois state-court judges, the Illinois attorney general, two assistant attorneys general, three federal judges, and lawyers who represented the Village in the original lawsuit.[2] He appears to allege that the defendants violated his due process rights by allowing state court proceedings to continue despite the court's lack of jurisdiction. Compl., ¶ 120. He also alleges the defendants violated his constitutional rights by falsifying documents to cover up the state court's lack of jurisdiction in the Village's lawsuit. *Id*. ¶ 121–25. The federal defendants and the state defendants both move to dismiss.

Sovereign immunity bars Henry's official capacity claims against all defendants. Henry brings his claims against the defendants "acting as Judges and Attorneys and Officers of the Judicial Branches in administrative duties in the Federal and State Courts," *id*. ¶ 32, which the Court takes to mean in their official capacities. But suits against government employees in their official capacities are suits against the government itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). And both state governments and the federal government are immune from suit unless Congress validly abrogates such immunity or the government waives it. *Alden v. Maine*, 527 U.S. 706, 726, 758 (1999); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Henry has not met his burden of establishing that sovereign immunity has expressly been waived or abrogated in this case. *Tri-State Hosp. Supply Corp. v. United States,* 341 F.3d 571, 575 (D.C. Cir. 2003). Indeed, nowhere in his complaint does Henry address waiver or abrogation of sovereign immunity.

---

[2] The Clerk of Court entered default judgment against the lawyer defendants for failing to answer or otherwise respond to the complaint. Dkts. 14, 16.

To the extent Henry brings his claims against the judges in their personal capacity, they are entitled to judicial immunity. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The underlying conduct here is judicial in nature: ruling against Henry in lawsuits, Compl. ¶¶ 13, 15, 23, 115 (defendants Murphy, McHugh, Lawless, & Sykes), and allegedly failing to properly enforce judicial rules, Compl. ¶¶ 16–17 (defendants Roberts & Theis). Accordingly, the judges are entitled to judicial immunity.

Henry responds that the judges do not receive immunity because they lacked jurisdiction over the cases. But "the scope of the judge's jurisdiction must be construed broadly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority," as Henry is claiming here. *Id.* at 356–57. Nothing Henry alleges brings the judges' actions outside the scope of their judicial immunity.

Three state defendants remain: the Illinois attorney general and two assistant attorneys general. Henry's only claim against them appears to be a 42 U.S.C. § 1983 claim for "Falsifying Court filings withholding evidence and Covering up their Knowledge" regarding the Village's original lawsuit against Henry. Compl. ¶ 121. But beyond cursory assertions that they "were aware that these Lawsuits were filed . . . without Authority," Henry offers no factual allegations to support this claim. *Id.* ¶ 19. The Illinois AG and AAGs were not even involved in the Village's lawsuit, where the alleged constitutional violation occurred. Instead, they entered the case to defend the state court judges Henry sued in federal court. Henry also fails to allege what filings these defendants falsified and withheld and never connects those actions to any alleged

3

constitutional violations.  Although pro se litigants are held to "less stringent standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), they must still "present a claim on which the Court can grant relief," *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013). Henry fails to do so here.

As for the final two defendants—the lawyers who represented the state officials in the original lawsuit against Henry—this Court will dismiss for lack of subject matter jurisdiction. *See Kaplan v. Central Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018).  To the extent Henry alleges any claim at all against the lawyers, he raises Illinois state law fraud and civil bribery claims for which this Court lacks jurisdiction.  The Court therefore vacates the Clerk's entry of default and dismisses the remaining claims under Rule 12(b)(1) for lack of jurisdiction.

Henry has already been sanctioned for frivolous litigation in one court and banned from further filings in another.  This suit lacks merit like the rest.

Accordingly, it is

ORDERED that the defendants' motions to dismiss, Dkts. 15, 28 are GRANTED and the case is dismissed.  The Clerk of Court is directed to mail a copy of this Order to the plaintiff's address of record and close the case.

This is a final appealable order.

February 13, 2025

DABNEY L. FRIEDRICH  
United States District Judge